## J. T. PERRY v. THE STATE.

No. 18054.   Delivered March 18, 1936.

The opinion states the case.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to commit theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment in substance that appellant entered into a conspiracy with F. E. Hill to steal $92.30 from the State National Bank of Corsicana.

On May 9, 1935, appellant deposited $51.00 in money to his credit in the State National Bank of Corsicana, and on the same date Hill deposited $50.00 to his (Hill's) credit in the First National Bank of Corsicana. The following day appellant and Hill exchanged checks; appellant executing a check on the State National Bank in favor of Hill in the sum of $48.30, and Hill executing a check on the First National Bank in favor of appellant, in the sum of $49.18. On the same day appellant withdrew $15.00 from his account in the State National Bank and deposited in said bank the check Hill had given him in the sum of $49.18. At the time he deposited said check he withdrew $45.00, and was preparing to cash a check on his account for $35.00 when the bank discovered that Hill's check for $49.18 would not be honored by the First National Bank. On May 9th Hill withdrew $48 from his account in the First National Bank. On May 10th he deposited in said bank the check for $48.30 given him by appellant. On the same date he attempted to withdraw $45.00. In the meantime the bank had

discovered that appellant's check for $48.30 would not be honored by the State National Bank.

Aside from the check for $48.30 he gave Hill, appellant drew three checks on the State National Bank aggregating $95.00. If all of said checks had been cashed and the deposit of $51.00 deducted from the total amount thereof, appellant's overdraft would have been $44.00. If said check for $48.30 should be taken into consideration, the overdraft would have been $92.30. However, the State's testimony clearly shows that said check for $48.30 would not have been honored by the State National Bank when presented for payment by the First National Bank, and that appellant knew such fact. It follows that said check should not be considered in determining the amount of money appellant and Hill intended to secure from the State National Bank, the alleged injured party. Theft of less than fifty dollars is a misdemeanor. If the conspiracy had been consummated, the State National Bank would have lost not more than $49.18, the amount of the worthless check given by Hill to appellant, and we find no warrant in the evidence for concluding that an agreement had been entered into to steal from said bank a larger sum of money. It follows that appellant can not be held guilty of the substantive offense of conspiracy. We quote Art. 1622, P. C., as follows: "A conspiracy is an agreement entered into between two or more persons to commit a felony."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.